﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/19 Archive Date: 02/27/19

DOCKET NO. 181115-1110
DATE: February 28, 2019

ORDER

Service connection for treatment purposes only under 38 U.S.C. chapter 17 for residuals of injury to left shoulder is denied.

Service connection for treatment purposes only under 38 U.S.C. chapter 17 for residuals of injury to left foot is denied

FINDINGS OF FACT

1. The appellant’s claimed left shoulder disability is not etiologically related to his active service.

2. The Appellant does not have a current left foot disability. 

CONCLUSIONS OF LAW

1. The criteria for service connection for treatment purposes only under 38 U.S.C. chapter 17 for residuals of injury to left shoulder have not been met. 38 U.S.C. § 5107 (b); 38 C.F.R. §§ 3.102, 3.303, 3.360.

2. The criteria for service connection for treatment purposes only under 38 U.S.C. chapter 17 for residuals of injury to left foot have not been met. 38 U.S.C. § 5107 (b); 38 C.F.R. §§ 3.102, 3.303, 3.360.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for appellants dissatisfied with VA’s decision on their claim to seek review and became fully effective February 19, 2018. The appellant chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. On the date the AMA became fully effective, all RAMP claims were to be considered under the full provisions of the AMA. Therefore, this decision is written consistent with the new AMA framework. 

The appellant served on active duty from November 1984 to September 1987. The appellant was discharged with an “other than honorable” designation. In August 2018, the appellant selected the Higher-Level Review lane when he submitted the RAMP election form. The RAMP rating decision considered the evidence of record prior to issuance of the RAMP rating decision. The appellant timely appealed this RAMP rating decision to the Board and requested review of the evidence considered by the Agency of Original Jurisdiction (AOJ). The Board’s review is limited to evidence submitted at the time of the appeal.

Service Connection for Treatment Purposes.

Applicable law provides that service connection will be granted if it is shown that the appellant suffers from a current disability resulting from an injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C. §§ 1131; 38 C.F.R. § 3.303. 

The health-care and related benefits authorized by chapter 17 of title 38 U.S.C. shall be provided to certain former service persons with administrative discharges under other than honorable conditions for any disability incurred or aggravated during active military, naval, or air service in line of duty. 38 C.F.R. § 3.360 (a). With certain exceptions such benefits shall be furnished for any disability incurred or aggravated during a period of service terminated by a discharge under other than honorable conditions. Specifically, they may not be furnished for any disability incurred or aggravated during a period of service terminated by a bad conduct discharge or when one of the bars listed in § 3.12(c) applies. 38 C.F.R. § 3.360 (b). In making determinations of health-care eligibility the same criteria will be used as is now applicable to determinations of service incurrence and in line of duty when there is no character of discharge bar. 38 C.F.R. § 3.360 (c).

Left Shoulder

Here the appellant has claimed a disability of the left shoulder as being related to service. 

The record indicates that the appellant reports current pain in the left shoulder and medical examination in August 2016 indicated some limitation in motion in the left shoulder. Thus, there is sufficient evidence to show a current left shoulder disability. 

Additionally, the appellant’s service treatment records indicate the appellant had a left shoulder separation in January 1987. Thus, there is sufficient evidence to show an in-service injury involving the left shoulder. 

However, the preponderance of the evidence indicates that the appellant’s current left shoulder disability is not related to the in-service injury. A VA examiner, in August 2016, indicated that it was less likely than not that the appellant’s current left shoulder disability is related to the in-service shoulder separation. The examiner indicated that the in-service shoulder separation was noted as resolved in March 1987. Further, the appellant has indicated that he believes that the left shoulder disability is related to a separate event that occurred outside of service, a surgery in 1995. The August 2016 examiner noted the appellant’s left shoulder diagnosis as residuals of that surgery, not of the shoulder separation in service, which resolved. Therefore, the weight of the evidence indicates that appellant’s current left shoulder disability is not related to his service. Thus, service connection for a left shoulder disability is not warranted. 

Left Foot 

The appellant has claimed a disability of the left foot as being related to service. 

The record is insufficient to support the existence of a left foot disability. There are no medical records indicating that the appellant has a current left foot disability. The appellant has not indicated what disability or symptoms are present. The appellant has not reported any symptoms that he wishes service connection for in the left foot. There are no reports of pain or limitation of motion. Whereas the appellant has mentioned his left shoulder disability in social services records, he does not mention his left foot. In the absence of any claimed disability or symptoms of the left foot, a current left foot disability cannot be established. Thus, service-connection for a left foot disability is not warranted. 

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Reed, Associate Counsel